Crosby S. Connolly, Esq. (SBN: 286650)
crosby@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3609
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

Attorneys for Alex Friedeck

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alex Friedeck, <br><br> Plaintiff, <br><br> v. <br><br> Monarch Recovery Management, Inc., <br><br> Defendant. | Case No: _____ <br><br> **Complaint For Damages** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

1    collection practices are not competitively disadvantaged, and to promote

2    consistent State action to protect consumers against debt collection abuses.

3  2.  The California legislature has determined that the banking and credit system

4    and grantors of credit to consumers are dependent upon the collection of just

5    and owing debts and that unfair or deceptive collection practices undermine

6    the public confidence that is essential to the continued functioning of the

7    banking and credit system and sound extensions of credit to consumers. The

8    Legislature has further determined that there is a need to ensure that debt

9    collectors exercise this responsibility with fairness, honesty and due regard

10    for the debtor's rights and that debt collectors must be prohibited from

11    engaging in unfair or deceptive acts or practices.

12  3.  Alex Friedeck, ("Plaintiff"), through Plaintiff's attorneys, brings this action to

13    challenge the actions of Monarch Recovery Management, Inc.,

14    ("Defendant"), with regard to attempts by Defendant to unlawfully and

15    abusively collect a debt allegedly owed by Plaintiff, and this conduct caused

16    Plaintiff damages.

17  4.  Plaintiff makes these allegations on information and belief, with the exception

18    of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which

19    Plaintiff alleges on personal knowledge.

20  5.  While many violations are described below with specificity, this Complaint

21    alleges violations of the statutes cited in their entirety.

22  6.  Unless otherwise stated, all the conduct engaged in by Defendant took place

23    in California.

24  7.  Any violations by Defendant were knowing, willful, and intentional, and

25    Defendant did not maintain procedures reasonably adapted to avoid any such

26    violation.

27

28  //

**JURISDICTION AND VENUE**

8.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10.  Plaintiff is a natural person who resides in the City of Perris, County of Riverside, State of California.

11.  Plaintiff resides in Riverside County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

12.  At the time of the substantial part of the events or omissions giving rise to the claim occurred, Plaintiff was physically located in the City of Perris, County of Riverside, State of California.

13.  Because a substantial part of the events or omissions giving rise to the claim occurred in Riverside County, specifically, Defendant contacting Plaintiff after Defendant had received Plaintiff's cease and desist letter, venue is proper pursuant to 28 U.S.C. § 1391b(2).

14.  At all times relevant, Defendant conducted business within the State of California.

**PARTIES**

15.  Plaintiff is a natural person who resides in the City of Perris, State of California.

16.  Defendant is located in the City of Philadelphia, in the State of Pennsylvania.

17.  Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.  Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of

debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

20. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.   As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

22. Sometime before February 18, 2014, Plaintiff is alleged to have incurred certain financial obligations  related to a GE Capital Pep Boys account.

23. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

24. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

25. Sometime thereafter, but before February 18, 2014, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

26. Subsequently, but before February 18, 2014, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

27. On or about February 18, 2014, Plaintiff sent a cease and desist letter to Defendant, requesting that Defendant immediately cease and desist all telephonic communications to Plaintiff regarding the alleged GE Capital Pep Boys debt.

28. Despite sending Defendant a cease and desist letter, Defendant contacted Plaintiff by telephonic communication in an attempt to collect the debt.

29. Specifically, on or about May 9, 2014, Defendant contacted Plaintiff by telephonic communication from the number (888) 220-8589.

30. After Defendant was notified in writing that Plaintiff refused to pay the alleged debt or wished Defendant to cease further communication with the consumer, Defendant continued its communications with respect to such debt, for a purpose other than enumerated in 15 U.S.C. § 1692c(c). Consequently, Defendant violated 15 U.S.C. § 1692c(c).

31. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

//
//
//
//
//

# CAUSES OF ACTION

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

32. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

33. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

34. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

35. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

36. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

37. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

38.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Respectfully submitted,

**HYDE & SWIGART**


Date: May 29, 2014                    By:  s/Crosby S. Connolly
                                          Crosby S. Connolly
                                          Attorneys for Plaintiff